FILED - USDC -NH
2024 SEP 9 PM 1:22

**UNITED STATES DISTRICT COURT FOR**
**DISTRICT NEW HAMPSHIRE**

---------------------------------X
NICHOLAS GERARD VARGA,           :
              Plaintiff,         :
      against                    :      **COMPLAINT**
UNIVERSAL PICTURES               :      **JURY TRIAL DEMANDED**
             Defendants.       :
---------------------------------X

## This is an "amended complaint".

The plaintiff Nicholas Gerard Varga ("Plaintiff") for his Complaint against the defendant Universal Pictures. ("Defendants"), alleges, on knowledge as to its own actions, and otherwise on information and belief, as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action seeking injunctive and monetary relief for Defendants' infringement of Plaintiff's copyright in Plaintiff's screenplay: *Mine! Finding Disney* (the "Copyrighted Work").

2. All of the claims asserted herein arise out of and are based on Defendants' copying, reproduction, and distribution, and sale of a Major Motion Picture Animation, *Migration* ("Infringing Work"), that is copied from and derivative of and substantially similar to Plaintiff's Copyrighted Work. Plaintiff sues for copyright infringement under the United States Copyright Act of 1976, as amended (the "Copyright Act"), 17 U.S.C. § 101 et seq. Plaintiff seeks all remedies afforded by the Copyright Act, including permanent injunctive relief, Plaintiff's damages and Defendants' profits from Defendants' infringing conduct, and other monetary

relief. [[In/On] or around the year of 2015, Plaintiff created the Copyrighted Work. As a result, Plaintiff is the owner of all copyright rights in the Copyrighted Work since creation of the Copyrighted Work in 2015. The Defendant has [manufactured][,] [and] [published][,] [and] [distributed][,] [and] [advertised][,] [and] [publicly displayed][,] [and] [sold] [copies of the Copyrighted Work/The Movie]s [incorporating/embodying/displaying/consisting of] the Copyrighted Work] in the United States by [Exhibition and Distribution and Ancillary and other sales for streaming and media services and all that may apply]. Defendant has [disseminated or sold [Millions of dollars' worth of a product that is not theirs unto from investment in the first points of business, and its Exhibition and Distribution and Ancillary]. Proof displays the initial story is documented as a "tangible medium" in 2017 that the criteria of the same businesses whom damaged the Plaintiff, thus, then leading unto this discovery places in fact the existence that the story belongs to the Plaintiff. Tangible Medium means the documentation of by clear date that the story was placed upon receipt and other documentation in the criteria of history upon the platform. Further documentation includes the criteria of history kept by upon a second business that owns the same business/businesses. Other tangible medium could include the criteria documented by investor relationships and religious organizations.

3.     Plaintiff seeks all remedies afforded by the Copyright Act, including permanent injunctive relief, Plaintiff's damages and Defendants' profits from Defendants' infringing conduct, and other monetary relief. [[In/On] or around the year of 2015, Plaintiff created the Copyrighted Work. As a result, Plaintiff is the owner of all copyright rights in the Copyrighted Work since creation of the Copyrighted Work in 2015. The Defendant has manufactured, and published, and distributed, and advertised, and publicly displayed, and [sold copies of the Copyrighted Work/The Movie [incorporating/embodying/displaying/consisting of] the

Copyrighted Work] in the United States by [Exhibition and Distribution and Ancillary and other sales for streaming and media services and all that may apply]. Defendant has [disseminated or sold [Millions of dollars' worth of a product that is not theirs unto from unto their accidental infringemental investment, and its Exhibition and Distribution and Ancillary]. Proof displays the initial story is documented by a "tangible medium" by 2017 that the criteria of the same businesses that damaged the Plaintiff, Thus, leading to this discovery places in fact the existence that the story belongs to the Plaintiff.

4. All of the claims asserted herein arise out of and are based on Defendant's [copying][,] [and] [reproduction][,] [and] [distribution][,] [and] [public display][,] [and] [sale] of [a/an] [Major Motion Picture Animation] that is copied from[derivative of] and [virtually identical/substantially similar] to Plaintiff's Copyrighted Work. Plaintiff sues for copyright infringement under the United States Copyright Act of 1976, as amended (the "Copyright Act"), 17 U.S.C. § 101 et seq.

## JURISDICTION AND VENUE

5. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, and therefore this Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338(a) (jurisdiction over copyright actions).

6. Personal jurisdiction over Defendants is proper. Defendants are committing torts copyright infringement in this state by distributing copies of the Infringing Work in this state and in this judicial district and publicly displaying the Infringing Work in this state and in this judicial district, which causes harm in this state and judicial district. In addition, while

Defendants have also committed tortious acts outside this state and judicial, for example the creation and unlawful reproduction of the Infringing Work, Plaintiff's cause of action arises from those acts and those tortious acts caused injury to Plaintiff and his property here in New Hampshire.

7.  Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this judicial district.

## PARTIES

8.  Plaintiff Nicholas Gerard Varga is an individual who resides in Newmarket, New Hampshire 03857. Plaintiff is a citizen of The United States of America. Plaintiff is a licensed literary agent whom had proximity with the Defendants' parties.

9.  On information and belief, Defendant Universal Pictures is a corporation that is incorporated in California and has principal places of business in the United States of America and overseas.

10. On information and belief, Defendant Illumination is a corporation that is incorporated in California and New York and Paris and has principal places of business in the United States of America and overseas. On information and belief Illumination Entertainment is owned by NBC Universal a parent company of Universal Pictures and Illumination Entertainment in which companies are invested into by NBC Universal and its other subsidiaries.

## FACTS

A. Plaintiff and his Copyrighted Work

4

11.     Plaintiff created/authored the Copyrighted Work on/on or around 2015 by writing the Copyrighted Work. As a result, Plaintiff owns any and all copyright rights in the Copyrighted Work.

12.     The Copyrighted Work is wholly original, and Plaintiff is the exclusive owner of all right, title, and interest, including all rights under copyright, in the Copyrighted Work.

13.     Plaintiff is the owner of valid and subsisting United States Copyright Registration No. Pau004225541 for the Copyrighted Work, issued by the United States Copyright Office. Attached to this Complaint, is a true and correct copy of the registration certificate.

14.     Plaintiff has distributed the Copyrighted Work on Coverfly and Screencraft and other script consultation businesses as conclusive to [publication/distribution/display/and other public exposure] and including but not limited to readers and employees of the script consultation businesses.

15.     The Copyrighted Work is of significant value to Plaintiff because it is his childhood script they stole. This screenplay has undergone many other analyzations where other investors were interested in investing in its start up.

B.  Defendants' Infringing Conduct

16.     On information and belief, Defendants are engaged in using a business and its website to steal a copyright piece of art and material works AKA the screenplay and other ideas from screenplays, becoming in a Business Vicinity Created Relationship with the employees of Screencraft and Coverfly and the other script consultation businesses, in which some employees have been engaged in "serial infringement" of peoples works. The script consultation businesses

5

allow for non-applicated individuals to roam and possess a copyright without a trace and or on a guest list that is clearly erasable if they wanted to lose a trace. The representative admitted on recorded video session that when a person submits information to their platform, that it gets sent out and there is not an email trace. It is concluded to them that readers are not licensed to handle copyright allowing for any producer or even another writer to handle your screenplay without their attorney or agent, in the fact that unlicensed individuals freely roaming upon an open data base with no proper just for trace of entries, are allowed in and out using the business's website to obtain a copyright. Representative then also admitted on recorded business video session the proximity of Mike White and the producer and other affiliate included but not limited to celebrities and other writers, of both Illumination and Universal that they opened and were reading and judging the material.

17. Defendants have publicly displayed, distributed and sold, or caused to be publicly displayed, distributed and sold the movie *Migration* (the "Infringing Work"), which is substantially similar to and a derivative work based on the Copyrighted Work. On information and belief, The Infringing Work is/has been distributed/sold/and produced by Illumination and Universal through exhibition and distribution.

18. On information and belief, Defendant obtained physical possession of or otherwise viewed Plaintiff's Copyrighted Work, and intentionally copied and made a derivative work of the Copyrighted Work, the Infringing Work. That Defendants copied the Copyrighted Work when they created the Infringing Work is evidenced by the striking similarities between the Copyrighted Work and the Infringing Work, which cannot possibly be explained other than as a result of copying and Defendants' access to the Copyrighted Work as a result of the widespread dissemination of the Copyrighted Work in the United States and the numerous and

substantial similarities between the parties' works. There were multiple points of proximity including: When you pay for entry they are paid to read it, when you pay for feedback, they respond with feedback proving they're opening and reading the material, the representative's business consultation, the representative admitting in the way people are handling copyrighted works and who is there reading proves in the admittance of another point of proximity, Screencraft employees and other readers both applicated and not applicated from other script consultation businesses consciously responding by means of social media, penning alongside to the responsive feedback. In other words, when they rate the material the Plaintiff wrote with the ratings to impress the ratings by using their feedback with them. The commercialization of the script businesses where they include on the front pages who the judges will be, including the expression of other employees who still work for, and used to work for both Illumination and Universal. Google search forums with your names all over it, coincidentally taking part in the Screencraft and Coverfly agenda and other script consultation businesses agenda. Each person in the cast and crew are even familiar upon the Business Vicinity Created Relationships of proximity that these script consultation businesses use in order to create the connections with the celebrities they admitted to taking part thereof and the producer himself including but not limited to their employees.

19. Defendant copied the Copyrighted Work without Plaintiff's authorization, consent, or knowledge, and without any remuneration to Plaintiff.

20. As can be seen from viewing and comparing, the Infringing Work is substantially similar to the Copyrighted Work. Like the Copyrighted Work, the Infringing Work concludes the entire compound including the bird's ascension and the catch phrase that leads them to the exact ending point, as well as the catch phrase is also used as the "bullet point" per every incident of

friendship or foe upon each and every obstacle. The different colors of revision were used to engage willful infringement. Given these similarities, the Infringing Product is substantially similar to Plaintiff's Copyrighted Work.

21. Since Defendant copied the Copyrighted Work to create the Infringing Work, it has made over $300,000,000 in distribution and sales in which was invested upon towards a $72,000,000 dollar budget. Where the writer's unit receives 2.5% to 5% of the initial budget, budgeting up to $3,600,000 dollars. On information and belief, Defendant continues to allow and make for the sale thereof of a product created from an original works that is not theirs nor the original infringers that they purchased it from or did business with. They also believe to may continue without permission from original creator/owner to create sequels and other ancillary product with to exhibition and distribution. The infringer/infringers used the website and its database to scope out several other copyrights owned by other people with their own bird ascensions from upon the websites platform. Retrieving all of the bird ideas they can for its continuous infringement.

22. As a result of Defendants' actions described above, Plaintiff has been directly damaged, and is continuing to be damaged, by the unauthorized reproduction, production, distribution, public display, and sale of the Infringing Work. Defendant has never accounted to or otherwise paid Plaintiff for its use of the Copyrighted Work.

23. Defendants' acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff for which Plaintiff has no adequate remedy at law. And upon the people that were trusting the website and its platform.

**[COUNT ONE]**

## Federal Copyright Infringement
## (17 U.S.C. § 501)

24. Plaintiff repeats and realleges hereof, as if fully set forth herein.

25. The Copyrighted Work is an original literary work containing copyrightable subject matter for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, et. seq. Plaintiff is the exclusive owner of rights under copyright in and to the Copyrighted Work. Plaintiff owns a valid copyright registration for the Copyrighted Work, attached.

26. Through Defendants' conduct alleged herein, including Defendants' reproduction, and distribution, and]public display][,] [and] [sale] of the Infringing Work, which is copied from[, derivative of,] and substantially similar to Plaintiff's Copyrighted Work, without Plaintiff's permission, Defendant has directly infringed Plaintiff's exclusive rights in the Copyrighted Work in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

27. On information and belief, Defendants' infringing conduct alleged herein was [and continues to be] willful and with full knowledge of Plaintiff's rights in the Copyrighted Work, and has enabled Defendant illegally to obtain profit therefrom.

28. As a direct and proximate result of Defendants' infringing conduct alleged herein, Plaintiff has been harmed and is entitled to damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), Plaintiff is also entitled to recovery of Defendants' profits attributable to Defendants' infringing conduct alleged herein, including from any and all sales of the Infringing Work and products incorporating or embodying the Infringing Work, and an accounting of and a constructive trust with respect to such profits.

29.     Plaintiff further is entitled to its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

30.     As a direct and proximate result of the Defendants' infringing conduct alleged herein, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. On information and belief, unless Defendants' infringing conduct is enjoined by this Court, Defendant will continue to infringe the Copyrighted Work. Plaintiff therefore is entitled to preliminary and permanent injunctive relief restraining and enjoining Defendants' ongoing infringing conduct.

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

1.     That Defendant has violated Section 501 of the Copyright Act (17 U.S.C. § 501).

2.     That Defendant has used a business and its website to steal and racketeer a copyright. Using the business to steal a copyright, then intentionally with the motive to willfully infringe, made the sale thereof of a work that was not theirs.

3.     Granting an injunction permanently enjoining the Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise, from:

(a)     distributing, marketing, advertising, promoting, displaying, performing, selling or authorizing any third party to distribute, market, advertise, promote, display,

perform, or sell the Infringing Work and any products, works, or other materials that include, copy, are derived from, or otherwise embody the Copyrighted Work;

(b) reproducing, distributing, performing, or publicly displaying the Copyrighted Work, creating any derivative works based on the Copyrighted Work, or engaging in any activity that infringes Plaintiff's rights in its Copyrighted Work; and

(c) aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) or (b).

4. That Defendants be ordered to provide an accounting of Defendants' profits attributable to Defendants' infringing conduct, including Defendants' profits from sales of the Infringing Work and any products, works, or other materials that include, copy, are derived from, or otherwise embody the Copyrighted Work.  With percentage meticulation of any buyout fee made probable by the company's distribution deal and information.

5. That Defendants be ordered to destroy or deliver up for destruction all materials in Defendants' possession, custody, or control used by Defendants in connection with Defendants' infringing conduct, including without limitation all remaining copies/inventory of the Infringing Work and any products and works that embody any reproduction or other copy or colorable imitation of the Copyrighted Work, as well as all means for manufacturing them.

6. That Defendants, at their own expense, be ordered to recall the Infringing Work from any distributors, retailers, vendors, or others that have distributed the Infringing Work on Defendants' behalf, and any products, works or other materials that include, copy, are derived

from, or otherwise embody the Infringing Work or the Copyrighted Work, and that Defendant be ordered to destroy or deliver up for destruction all materials returned to it.

7. Rewarding the Plaintiff with the monies that they owe the Plaintiff so the Plaintiff can re-invest and continue to make money with the product that was stolen from the Plaintiff by the Defendants to continue doing business with the product, placing the Plaintiff at the right to the highest shareholding position of the product.

8. Awarding Plaintiff:

(a) Defendants' profits obtained as a result of Defendants' infringing conduct, including but not limited to all profits from sales and other exploitation of the Infringing Work and any products, works, or other materials that include, copy, are derived from, or otherwise embody the Infringing Work or the Copyrighted Work, or in the Court's discretion, such amount as the Court finds to be just and proper;

(b) damages sustained by Plaintiff as a result of Defendants' infringing conduct, in an amount to be proven at trial;

(c) should Plaintiff so elect, statutory damages pursuant to 17 U.S.C. § 504(c) instead of actual damages or profits; and

(d) Plaintiff's reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505.

9. Awarding Plaintiff interest, including pre-judgment and post-judgment interest, on the foregoing sums.

10. Awarding such other and further relief as the Court deems just and proper.

September 9th, 2024

Respectfully submitted

NICHOLAS GERARD VARGA

9 River Street Apt. D37

Newmarket N.H. 03857

603-397-8843